UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JERRY D. LAWTON,

                          Plaintiff,

   v.                                                **DECISION AND ORDER**
                                                           05-CV-678S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

       1.       Plaintiff Jerry D. Lawton challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since November 3, 2002, due to seizure disorder, hypertension and high blood pressure. Plaintiff contends that his impairments render him unable to work. He therefore asserts that he is entitled to disability benefits under the Act.

       2.       On July 27, 2004, the ALJ denied Plaintiff's application for social security benefits. Plaintiff exhausted his administrative remedies[1] and filed the instant action on September 22, 2005, challenging the ALJ's decision. The parties subsequently filed Motions for Judgment on the Pleadings on March 16, 2006. After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on May 1, 2006. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

---

[1] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review on July 28, 2005.

3.  A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

4.  "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo*

review."  Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

  5. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

  6. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

  7. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the

claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

8.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability (R. at 22); (2) Plaintiff's impairments are considered "severe" impairments within the meaning of the Act (R. at 22); (3) Plaintiff's impairments do not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4 (R. at 22); (4) Plaintiff retained the residual functional capacity to perform light exertion work activity with certain restrictions[2] (R. at 22); and (5) Plaintiff was unable to perform his past relevant work.  (R. at 22.)  However, after considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ determined that a significant number of jobs existed in the national economy that Plaintiff could perform, and thus, Plaintiff was not disabled within the meaning of the Act at any time prior to his decision.  (R. at 22, 23.)

9.      Plaintiff asserts a number of challenges to the ALJ's decision.  First, Plaintiff argues that the ALJ failed to properly assess his doctor's opinion under the treating physician rule.  According to the treating physician rule,[3] the ALJ must give controlling

---

[2]In particular, the ALJ found that Plaintiff could perform "light exertion work activity; nonexertionally, the claimant is able to perform the simply, routine, 1-2 step tasks associated with unskilled work; the claimant can perform work activity which does not involve driving, climbing, or work around unprotected heights or moving machinery." (R. at 22.)

[3] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

4

weight to the treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Dr. Madhav N. Deshmukh is Plaintiff's treating physician. Plaintiff argues that the ALJ failed to consider Dr. Deshmukh's June 10, 2003 notation, written on a prescription pad, that he was unable to work due to his seizure disorder and hypertension. (R. at 163.) This Court finds no error. It is clear that the ALJ recognized Dr. Deshmukh as Plaintiff's treating physician. (R. at 20.) While it is true that the ALJ did not specifically address the prescription pad notation made by Dr. Deshmukh on June 10, 2003, the ALJ explained that he was discounting an identical prescription pad notation made by Dr. Deshmukh on December 17, 2002, because it was a conclusory notation not supported by clinical findings or otherwise explained. (R. at 20.) It follows that if the ALJ found the December 17, 2002 notation unpersuasive, he would find the exact same June 10, 2003 notation equally unpersuasive for the same reasons. (Compare R. at 119 with R. at 163.)

This Court is satisfied that the ALJ considered Dr. Deshmukh's opinion properly under the treating physician rule, and in fact, the record establishes that the ALJ found Dr. Deshmukh's February 26, 2003 letter to be persuasive because it identified specific functional limitations and outlined the type of work Plaintiff was able to perform. (R. at 20, 118.) The ALJ therefore gave it controlling weight because it was consistent with and supported by clinical signs and findings of record. (R. at 20.) In this Court's view, the ALJ sufficiently described his treatment of Dr. Deshmukh's opinions and properly explained why

5

he did not accept his prescription pad notations. Thus, there is no error in the application of the treating physician rule.

10. Plaintiff's next argument is that the ALJ failed to adequately develop the record in two ways. First, the ALJ did not seek clarification regarding whether the "prickling" Plaintiff felt in his left hand on March 10, 2003, or the "shaking spell" he experienced on October 30, 2003, were related to Plaintiff's seizure disorder. There was, however, no need for the ALJ to seek clarification in this regard because the records speak for themselves. The March 10 and October 30, 2003 episodes were determined by doctors to be unrelated to Plaintiff's seizure condition. In both cases, Plaintiff's CT scans were negative and it was concluded that Plaintiff had low levels of Dilantin. (R. at 144-45, 149, 159, 162.) Thus, no further clarification was necessary.

Second, Plaintiff argues that the ALJ erred by failing to seek clarification from Dr. Deshmukh regarding his February 26, 2003 opinion that Plaintiff's ability to work was limited, and his prescription pad notations indicating that Plaintiff was unable to work. As indicated above, however, this Court finds no error in the ALJ's treatment of Dr. Deshmukh's prescription pad notations. Because the notations were not supported by any clinical findings or objective medical evidence, the ALJ found them to be unpersuasive. There was thus no need for the ALJ to re-contact Dr. Deshmukh because the work restrictions he set forth for Plaintiff in his February 26, 2003 letter were clear.

11. Plaintiff's final argument is that the ALJ improperly evaluated his credibility. The ALJ found that Plaintiff was not fully credible. (R. at 22.) Credibility determinations are generally reserved to the Commissioner, not the reviewing court. Aponte v. Sec'y of Health and Human Svcs., 728 F.2d 588, 591 (2d Cir. 1984)(holding that it is the job of the

Commissioner and not the reviewing court to make determinations on the credibility of witnesses); Carrol v. Sec'y of Health and Human Svcs., 705 F.2d 638, 642 (2d Cir. 1982)(similar).

From a review of the record, this Court finds that the ALJ had a reasonable basis upon which to conclude that Plaintiff's testimony was not totally credible. Aside from the fact that the ALJ presided over the hearing and was in the best position to observe Plaintiff's demeanor, the ALJ made specific references to the contradictions in Plaintiff's testimony. For example, the ALJ explained that he found Plaintiff's claims that he has difficulty with his right shoulder, has limited use of his hands, and has a need to lie down, to be not credible because those subjective complaints were not medically determinable through objective evidence in the record. (R. at 19.) Moreover, it is noted that the ALJ incorporated those aspects of Plaintiff's subjective complaints that he found supported by the record into his residual functional capacity finding. (R. at 19-20.) Consequently, this Court finds no cause to disrupt the ALJ's credibility finding. See Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979)("The ALJ has discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.").

Additionally, Plaintiff argues that the ALJ failed to adequately consider his work history. "A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983) (citing Singletary v. Sec'y of Health, Educ. and Welfare, 623 F.2d 217, 219 (2d Cir. 1980)); see also Maggio v. Heckler, 588 F. Supp. 1243, 1246 (W.D.N.Y. 1984); Patterson v. Chater, 978 F. Supp. 514, 519 (S.D.N.Y. 1997); Nelson v. Barnhart,

No. 01-Civ-3671, 2003 WL 1872711, at *7 (S.D.N.Y. April 10, 2003). This is because a claimant with an established history of employment is unlikely to be "feigning disability." Patterson, 978 F. Supp. at 519.

Here, Plaintiff's work history is unremarkable. His longest employment lasted only seven years and his earning history reveals little or no income between 1981 and 1987. (R. at 53, 56.) There are also gaps in his employment and earnings records. (R. at 53, 67.) In sum, Plaintiff's work history is simply not of the type warranting an entitlement to "substantial credibility" under the governing case law. Thus, the ALJ did not err in his consideration of Plaintiff's work history as it relates to his credibility.

12. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case. Specifically, the medical evidence and opinions contained in the record (including the vocational opinion), in conjunction with Plaintiff's testimony, support the ALJ's determination. This Court finds no reversible error in the ALJ's overall weighing of the evidence or his credibility determination, and finds that substantial evidence of record supports his decision. Accordingly, Defendant's Motion for Judgment on the Pleadings is granted and Plaintiff's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 4) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:     March 21, 2007
              Buffalo, New York

                                                  s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                  United States District Judge